THOMAS VASSEUR, Idaho State Bar No. 1327
BRENT G. SCHLOTTAUER, Idaho State Bar No. 6104
409 E. Coeur d'Alene Avenue
Coeur d'Alene, Idaho 83814
Telephone: (208) 664-4457

ROBERT E. KOVACEVICH, WSBA No. 02723
818 W. Riverside Avenue, Ste. 525
Spokane, Washington 99201
Telephone: (509) 747-2104

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELISSA LAWSON; and NICK MATHESON, dba FIGHTIN' CREEK; )<br><br>Plaintiffs, )<br><br>v. )<br><br>JESS ARTHUR, Fuel Tax Administrator, LYNN LOWLEY, Fuel Commission Member, DEBBIE McGEE, Fuel Commission Member, THE COEUR D'ALENE INDIAN TRIBE, a federally recognized Indian Tribe, CHIEF J. ALLAN, Chairman; )<br><br>Defendants. ) | Civil No.<br><br>COMPLAINT FOR REFUND OF COEUR D'ALENE TRIBE GAS TAX; FOR INJUNCTION; DECLARATORY JUDGMENT, TORTUOUS INTERFERENCE AND DAMAGES FOR PRICE FIXING |

## I. INTRODUCTION.

1.     Plaintiff Melissa Lawson, is a non-Indian resident of the State of Washington who patronizes the retail motor fuel store owned and operated by Nick Matheson dba Fightin' Creek, a Coeur d'Alene tribal resident, Indian member,

whose business is located on the Coeur d'Alene Indian Reservation.  It sells motor fuel at retail.  The Plaintiffs seek to obtain a tax refund, declaratory judgment, injunction and damages for fixing fuel prices against Defendants who are market participants and competitors in the same market area as Matheson.

2.     The Coeur d'Alene Tribal Code also enacted a horizontal price fixing parity fixing its gas tax the same as the State of Idaho.  It states:

> 48-3.04              Rate of Tax, Tax Parity
> The rate of tax imposed by this chapter shall be twenty-five cents (25¢) per gallon, of fuel received.  The amount of the tax shall at no time be less than the amount of the tax imposed on such fuel by the State of Idaho, as provided under Idaho Code Title 63, Chapter 24.

3.     This action seeks relief from the anti trust and price fixing activity of Defendants acting beyond their regulatory and adjudicative jurisdiction as an Indian tribe and as a market competitor.

## II. JURISDICTION AND VENUE

4.     This is an action for illegal price fixing, antitrust, and unfair competition violating the Sherman and Clayton Acts, 15 U.S.C. § 1, 3, 13, 15 and 26.  Jurisdiction of this Court is established by 15 U.S.C. § 15 as Plaintiff Matheson resides in this District and all the Defendants are found in this District.

5.     Jurisdiction is also established by 28 U.S.C. § 1331 as the action arises under U.S. Const. art. I § 8 cl.3, art. I § 10, art. III § 2 cl. 2 and art. 6, cl. 2.  Measuring interests of Congress with Indians and Indian tribes is a federal question.  *Tenneco Oil v. Sac and Fox Tribe*, 725 F.2d 572, 575 (10th Cir. 1984).

Complaint - 2

6.     Article III jurisdiction exists as Plaintiffs seek damages for price discrimination caused by Defendants, forcing Plaintiff Matheson to purchase only from non-resident wholesalers who are not subject to the control of Defendants. The harm to Plaintiffs will be readdressed by a favorable decision against Defendants.    Plaintiff Melissa Lawson, a non-resident, non-Indian, does not consent to control by any tribal law or jurisdiction.  She has no direct consensual relationship with the Defendants. *Plains Commerce Bank v. Long Family Land and Cattle,* 554 U.S. 316, 324, 128 S.Ct. 2709, 171 L.Ed.2d 457 (2008); *Mayfield v. United States,* 599 F.3d 964, 969-70 (9th Cir. 2010)*; Wilbur v. Locke,* 423 F.3d 1101, 1007 (9th Cir. 2005) *abrogated on another issue* by *Levin v. Commerce Energy,* 130 S.Ct. 2323, 176 L.Ed.2d 1131 (2010).

7.     Jurisdiction is also established by interstate and Indian commerce violations by Defendants conspiring to create protectionist barriers causing damage to Plaintiffs.  42 U.S.C. § 1983, U.S.Const. art. § 8, cl. 3, *Healy v. The Beer Institute*, 491 U.S. 324, 336, 109 S.Ct 2491,105 L.Ed.2d 275 (1989); *Dennis v. Higgins*, 489 U.S. 439, 111 S.Ct 865, 873, 112 L.Ed.2d 969 (1991).  *Great Atlantic and Pacific Tea Company v. Cattrell*, 424 U.S. 366, 370, 373, 96 S.Ct 923, 47 L.Ed.2d 55 (1976).

8.     Jurisdiction and venue are proper as the Defendant Coeur d'Alene Tribe and Tax Commission members charge a fuel tax to all of Nick Matheson's customers including Plaintiff Melissa Lawson.  The laws force Plaintiff Matheson

to purchase at wholesale from wholesalers located off the reservation. This forced conduct is a commerce clause violation, both Indian and interstate commerce. The distributors enter into Indian commerce or are in an unbroken chain of interstate commerce making fuel deliveries to Matheson of the same kind, grade and quality as all fuel delivered in interstate commerce among the states. The fuel was delivered in refinery grade without change in interstate commerce onto the Coeur d'Alene Indian Reservation. Plaintiff Melissa Lawson does not consent to the fuel laws, legislative or substantive jurisdiction of the Coeur d'Alene Tribe. Legal incidence of tax is a question of federal law. *Oklahoma Tax Commission v. Chickasaw Nation*, 515 U.S. 450, 459, 115 S.Ct 2214, 132 L.Ed.2d 400 (1995). *Coeur d'Alene v. Hammond*, 384 F.3d 674, 682 (9th Cir. 2004). The Defendant Tribe intentionally exceeded its territorial and jurisdictional authority forcing Plaintiff Matheson to buy from distributors who could not be and are not subject to the control of Defendants. This requirement is a forced illegal exaction beyond the Tribe's authority, both legislative and judicial. *Rowe v. New Hampshire Motor Transport Assn.,* 552 U.S. 364, 371, 128 S.Ct. 989, 169 L.Ed.2d 933 (2008). (federal preemption involving interstate cigarette carriers). U.S. Const. art. 1 § 8 cl. 2. *Williams v. Lee,* 358 U.S. 217, 223, 79 S.Ct. 269, 3.L.Ed.2d 269 (1959). U.S. Const. art. 1 § 8 cl. 3, *Moe v. Confederated Salish and Kootenai Tribes of the Flathead Reservation,* 425, U.S. 463, 481, 96 S.Ct. 1634, 48 L.Ed.2d 96(1976). (Supremacy Clause U.S. Const. art. 6, cl.2).

9.    The tax violates Plaintiff Melissa Lawson's civil and constitutional rights. It also violates Plaintiff Matheson's civil and constitutional rights including Article VII, Section 1(I) that requires the Tribe to further Matheson's economic well being without competition from the Defendant Tribe.    The Court also has jurisdiction of this federal question pursuant to 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, *Granholm v. Heald,* 544 U.S. 460, 472, 125 S.Ct 1885, 161 L.Ed.2d 796 (2005); *Costco v. Hoen,* 538 F.3d 1128 (9th Cir. 2008); *Hemi Group LLC v. City of New York,* 130 S.Ct 983, 987 (2010); *Dennis v. Higgins,* 489 U.S. 439, 111 S.Ct 865, 112 L.Ed.2d 969 (1991).

### III.  PARTIES

10.    Plaintiff, Nick Matheson, dba Fightin' Creek, owns and operates the Fightin' Creek retail fueling station.  The fuel station is within the boundaries of the Coeur d'Alene Indian Reservation.

11.    Plaintiff Melissa Lawson is an individual, a non-member, non-Indian, who resides off the Coeur d'Alene Indian Reservation.  She lives in Tacoma, Washington. Lawson patronizes Plaintiff Matheson's fuel station and his Fightin' Creek retail store.  She purchased motor fuel from Plaintiff Matheson and seeks to make purchases from him without the tribal fuel tax added to the price.  She could have purchased the same kind, grade and quality of fuel from the tribal fuel station but would have had to pay the same price.  Both fuel stations are within the Coeur d'Alene Indian Reservation.

Complaint - 5

12.    Defendant Jess Arthur is the Fuel Tax Administrator for the Coeur d'Alene Tribe.  Defendant Arthur is named personally and as an employee of Defendant as he acted beyond his authority and also outside of any authority that the Tribe could bestow on him.

13.    Defendants Lynn Lowley and Debbie McGee are members of the Coeur d'Alene Tribe Tax Commission.  They are named personally and as members of the committee as they acted beyond the outer limits of their authority on an attempt to close Plaintiff Matheson's business and to tortuously interfere with pending litigation.  They and each of them acted beyond any authority that the Tribe could bestow on them.

14.    The Coeur d'Alene Indian Reservation was established in 1887.  The exterior boundaries are located next to the Washington State Eastern border and within Kootenai County, Idaho next to other borders.  The Defendant Tribe owns and operates one or more retail fuel stations located on the reservation that sell commercially refined motor fuel to retail consumers, both tribal Indians and non-tribal non-Indians who are transient visitors to the reservation traveling by automobile.  The Defendant Tribe's reservation is located within the District of Idaho.

Complaint - 6

## IV.  FACTUAL ALLEGATIONS

### A.  The Defendant Tribe Competes in Retail Motor Fuel Sales at retail in the Same Market Area.

15.    Plaintiff Matheson has owned and operated the Fightin' Creek store since 2007. Defendant Coeur d'Alene Tribe is a market competitor of Plaintiff Matheson and does not pay its own fuel tax to any third party.  The Defendant Tribe forces Matheson to buy at wholesale from distributors who sell fuel of the same grade and quality as Matheson.  The distributors do not alter the fuel in any way.  All fuel is the same to all retailers.  Both the Tribe and Matheson are purchasers from some of the same wholesalers who charge the same delivered prices of the same type fuel without any change. The Tribe's actions are anti-competitive as Matheson's costs in the same market area are greater than the Tribe's and are caused by the Tribe.

16.    The Tribe, a market competitor, does not pay tribal fuel tax.  Plaintiff Matheson has suffered injury to his inventory purchases increasing his costs and will continue to suffer injury in the form of lost profits and lost customers.  Under the Defendant's forced anti-competitive restraints, Plaintiff Matheson will not be able to operate profitably and will be driven out of business by Defendants.  At the present time, the Tribe has illegally required Matheson to be licensed by the Tribe, a market competitor, and refuses to renew his license even though they have renewed it in the past knowing of the dispute.  Therefore, they can eliminate Matheson's business. Since Matheson is a competitor to the Defendant Tribe, the

Complaint - 7

Tribe's action is a blatant and intentional violation of federal antitrust laws. The injury is directly traceable to Defendant's conduct. It will be remedied by a favorable decision in this action. The extraction of payments by the Tribe and threatening closure by refusing a tribal license by a market competitor is an illegal action and an illegal tax imposed in bad faith. Defendants participated in an antitrust conspiracy. The personally named Defendants interferred with Plaintiff Matheson's tribal constitutional rights to be able to pursue economic well being by threatening not to renew Plaintiff Matheson' fuel license if he refused to pay the contested tax. They acted beyond the authority of Tribal Code 48-4.01 and .02 as no authority exists to deny a license based on disputed tax. Further, on information and belief, they selectively singled out Plaintiff Matheson, selectively enforced and abused their authority by threatening not to renew an annual license that they had renewed in prior years while Matheson was contesting the tax. The personal Defendants retaliated against Plaintiff Matheson for bringing suits against the Tribe. The Defendant Tribe is a co-conspirator with the other Defendants and the State of Idaho. The Defendants seek an illegal monopoly as Tribal Code 48-6.01 requires that all Indian fuel retailers buy from distributors who charge the tribal tax.

**B.  Requiring Wholesalers Selling to Matheson to Add the Tribal Tax Violates the Commerce Clauses and Federal Law**.

17.   All distributors, whether state or interstate, must collect 25¢ or more a gallon of fuel tax and add it to the price of the fuel they deliver to Matheson.

Complaint - 8

Coeur d'Alene Tribal Code 48-6.01 reports must also be furnished on the fuel delivered to Plaintiff Matheson.  The distributor must add the tax to the price. Therefore, Matheson cannot sell at a lower price as he cannot obtain fuel without the tribal tax and will be out-of-business as his competitor, the Defendant Tribe, does not pay the tax.  The requirement by the Defendants is beyond any of the Defendants' jurisdiction. The reason is that there are no wholesale tribal member distributors who are within the Tribe's legislative or judicial jurisdiction.  Among other reasons is that a direct consensual relationship must exist between the distributor and the Defendant Tribe as all distributors are non-Indian, non-members of the Defendant Tribe.  None of the distributors have any contact with the Tribe or effective nexus as the Tribe cannot control or govern non-Indians who enter the reservation territory unless a consensual relationship exists in direct connection with the delivery to Matheson.  If the distributors deal with the Tribe, that relationship has no nexus to deliveries to Plaintiff Matheson.

18.    This action seeks to prevent additions to minimum pricing mandated by Defendants' fuel license requirements and distributor regulation beyond the Defendants' legislative or adjudicatory jurisdiction.  Further, the tax and license restriction also violates federal antitrust laws making licensing and minimum pricing illegal when imposed by a market competitor.

19.    The requirement of Tribal Code 48-6.01 to furnish Matheson's volume of fuel by grade and amount to Defendants who are market competitors

violates Plaintiff Matheson's privacy rights and provides his competiton with trade secrets.

20.    Since the retail sale of delivered fuel cannot be less than the price Plaintiff  Matheson paid for the fuel and the distributor must collect the tax, a pass on and collect tax remedy occurs that constitutes price fixing by Defendants. Congress has not authorized the Defendants to enact essentially identical price fixing parity. The effect of the price fixing and distributor restriction imposes extraterritorial pricing on Plaintiffs wholly outside the Defendant Tribe's jurisdiction.

**C.  Setting Minimum Prices for Sales by Coeur d'Alene Indian Retailers is Price Fixing Violating State and Federal Law.**

21.    The State of Idaho prohibits antitrust and unfair competition. I.C. § 48-104.  Federal antitrust laws are violated.  15 U.S.C. §§ 1, 3, 13, 15 and 26. Horizontal price fixing is a per se violation of the Sherman Antitrust Act.  The Defendant Tribe enacted Tribal Code 48-3.04 mandating a tribal tax on fuel to be the same as the Idaho State fuel tax.  This provision is an illegal price fixing charge making distributors collect taxes of the State and is a conspiracy with the State of Idaho to maintain minimum prices on products of the same grade and quality.

**D.   The Defendant Coeur d'Alene Tribe Cannot Tax Non-Indian, Non-Reservation Purchasers of Fuel.**

22.   Plaintiff Melissa Lawson was forced to pay the sum of 25¢ or more in additional price per gallon of fuel as a result of the pass on and collect fuel tax. Lawson has no contractual, consensual or any other legal or actual relationship with the Coeur d'Alene Tribe of Indians. She travels on and off the Coeur d'Alene Indian Reservation on state and county roads. She received no special benefit of any kind from any of the Defendants resulting from her patronage and purchase of fuel from Matheson's store. Plaintiff Lawson seeks the return of the taxes she paid on the fuel purchase and a temporary and permanent injunction against Defendants thereby permitting her to purchase fuel from Matheson's store without Coeur d'Alene Tribe fuel tax.   She agrees to present identification at time of purchase proving she is a non-tribal, non-Indian, non-resident.

23.   Plaintiff Lawson has never been and cannot be subject to any defense of sovereign immunity as she has no nexus with the Defendant Coeur d'Alene Tribe that would allow a defense of sovereign immunity.   The fuel tax laws and parity with the State of Idaho exceed the Defendant Tribe's legislative police power and adjudicative jurisdiction.   Further, the price competition by the Defendant Coeur d'Alene Tribe deprives it of any immunity.   The Defendant Tribe, at most, can only raise this defense after it establishes a right to govern Melissa Lawson. Plaintiff Lawson purchased fuel from Plaintiff Matheson before this action was filed that bore the minimum price that included the tribal motor fuel tax.   It was

Complaint - 11

imposed by resale control imposed by the Defendant Coeur d'Alene Tribe on distributors to Matheson. Tribal sovereignty does not apply to Melissa Lawson as the Coeur d'Alene Indian Tribe was not a seller at Matheson's store nor did the Tribe participate in any way in the sale by Matheson, the tribal Indian retailer who sold to Lawson. The parity provision in the Tribal Code did not enlarge the Tribe's jurisdiction over an Indian retailer's non-Indian customer. Melissa Lawson had the incidence of fuel tax on her at the time of purchase. When the incidence of the tribal tax is on the non-Indian, the Tribe has no regulatory jurisdiction to tax. The purchase had no direct impact on the Tribe's political integrity, economic security or health and welfare. Among other reasons is that the Tribe is earning proprietary income from fuel sales. Retail sales are abnormal activities for a sovereign's governmental purpose. The price parity with the State of Idaho is an illegal delegation and amounts to extraterritorial control to fix prices. The Tribe has no jurisdiction over the person of non-tribal member, non-consensual tribe retail customers of Plaintiff Matheson and no jurisdiction when it has waived sovereign immunity by violating federal antitrust laws and also by market participation. The Defendant Tribe has no inherent jurisdiction of non-Indian customers of Matheson, including Plaintiff Melissa Lawson; its adjudicative jurisdiction over non-members cannot exceed its legislative jurisdiction. Plaintiff Lawson seeks to obtain her remedy in this Court without first filing in tribal court as this action is for anti-competitive conduct violating federal law beyond tribal

Complaint - 12

court jurisdiction.  Exhaustion would give Defendants an opportunity to allege a consensual relationship by tribal litigation, which even though not correct, would interfere with her right to pursue a federal court remedy of declaratory judgment and other relief.  Legislative jurisdiction does not exist over the Plaintiff Melissa Lawson.  Further, sovereign immunity has been waived by the Tribe's collective actions. The burden of establishing jurisdiction is on Defendants who must prove jurisdiction by responsive pleading.  Lawson seeks a ruling that she can purchase fuels in the future from Plaintiff Matheson free of the Coeur d'Alene tribal tax.  She will prove her status, if required.

## VI.  ALLEGATIONS IN SUPPORT OF CLAIMS FOR RELIEF

### A. First Claim - Damages for Illegal Price Fixing.

24.    Defendants have discouraged distributors from selling to Plaintiff Matheson and are attempting to cause an economic blockade to aid state and tribal taxation purposes, to cause customers, distributors and refiners not to deal with Plaintiffs and to boycott Plaintiff Matheson's business.  Defendants are attempting to control the market and exert complete market power in the region. These actions and proposed actions violate the federal Sherman Act, 15 U.S.C. §§ 1-26, the Indian commerce and Interstate commerce acts, and are illegal.

25.    The Defendant Coeur d'Alene Tribe is a retail competitor of Plaintiff Matheson and control at least two different price fixing methods that create non-functional discounts to Defendants. The Coeur d'Alene Tribe and Plaintiff

Complaint - 13

Matheson are each market purchasers from many of the same wholesalers. The Tribe fixes prices to Matheson by requiring Matheson to only purchase from distributors controlled by the Tribal Code. By enacting Tribal Code 48-3.04, the Defendants exert control of the wholesale fuel price that Plaintiff Matheson must pay to purchase fuel. The Defendant Indian Tribe does not pay fuel tax. The Defendant Tribe created this wholesale price increase by enactment. Therefore, it cannot be immune from federal price fixing prohibited by the Robinson Patman Act, 15 U.S.C. § 13, 15 U.S.C. § 1 and other provisions. Further, sovereign immunity under all conditions cannot be asserted in any legal proceeding against anyone to dismiss a case as at best it is a defense that can only be raised in an answer by the Tribe.

26.     The action of the Defendant Tribe creates an illegal functional discount to the Tribe in competition with its licensed retailer, Plaintiff Matheson. This resale price fixing thwarts competition on the same price of grade, quality and kind of fuels that is illegal and unjustified. The conduct of the Defendant Tribe, a market competitor of Matheson, forces licensing and a wholesale charge on fuels of the same kind, grade and quality as fuels sold by the Tribe. The Tribe pays less but forces Matheson to charge the same minimum price and buy from a distributor who will not sell without collecting the tribal fuel tax. The Tribe's conduct is a unilateral restraint on Matheson not imposed on the Tribe. The result lessens competition and raises prices of the same grade and quality

Complaint - 14

products.  The conduct causes antitrust competitive injury to Plaintiffs by the Defendant Tribe that lessens, injures and will destroy Plaintiff Matheson's business.

27.    Defendants have entered into a conspiracy and sought to monopolize fuel retail prices by regulating Indian businesses and Indian tribes to impose the same or similar amounts of fuel tax as the State of Idaho.  The parity provision of the Defendant Tribe also violates U.S. Const. art. 1 § 10 and art. 1 § 8, prohibiting import duties and state price fixing between Indian tribes or any other nation. The Defendants are seeking to force all distributors and manufacturers who do not do business in Idaho to withhold tribal fuel tax on sales to Matheson.  The Coeur d'Alene Tribe of Indians sells fuel at retail.  The attempted conduct is an illegal monopoly by the Tribe as competitors with Plaintiff Matheson to control prices of purchases by him at wholesale and to fix prices on retail sales of Matheson's retail fuel.  The Defendant Tribe does not pay any fuel taxes to third parties.  It therefore forces Plaintiff to sell at minimum prices that include costs to Matheson that are not paid by the Defendant Tribe.  This increase is a derived cost to Matheson but not the Tribe.  This action by the Tribe is antitrust competition in violation of federal law.  Damages to Plaintiff Matheson will be in the millions of dollars.

28.    Plaintiff  Matheson's marketing skills and unique aboriginal status add value to the products on the reservation.  Plaintiff Matheson has a large

investment in his business and markets his products by ability to capitalize on his Indian ancestry. The Tribal Code provision incorporating state law places a substantial and significant burden on Plaintiff Matheson in all phases of the purchase, sale, consumption, transportation and distribution of fuel and other products.

29.    The above-stated combination and conspiracy to monopolize, and other restraints of trade have the following effects, among others:

(a)    Competition in the retail fuel industry on Indian reservations is unlawfully restrained, suppressed, and eliminated.

(b)    Plaintiff Matheson has suffered discriminatory treatment because of the code provision and practices between the Defendant Tribe and the State of Idaho and their restriction of distributors, wholesalers, manufacturers and trade organizations that require him to sell at minimum prices and buy from distributors whose processed inventory adds to cost.

(c)    The attempted interference with Plaintiff Matheson's distributors, other wholesalers and refiners will prevent purchases in interstate commerce.

(d)    Plaintiff Matheson has been deprived and will be deprived in the future of sales and profits from potential customers.

30.    Plaintiffs Matheson and Melissa Lawson allege further that even if authority to legislate exists, the dormant Commerce Clause; the Indian Commerce

Complaint - 16

Clause or the Privilege and Immunities Clause prevents a parity or reciprocal tax charge. Plaintiff Matheson is placed at a competitive disadvantage by the reciprocal tax. Among other reasons, is the fact that the Coeur d'Alene Tribe cannot offer the same services and governmental protections to Plaintiff Matheson for the same amount of tax as the State of Idaho provides to its licensed retailers. Plaintiff Matheson's location is remote and also not competitive to state retailers without sale price advantages. Plaintiff Matheson has been required to pay large amounts of fuel taxes to the Tribe, reducing his profits and competitive ability. The tribal fuel tax is illegally imposed upon Plaintiff Melissa Lawson, a consumer and retail purchaser, who has no consensual relationship with the Defendant Tribe. The consumer's conduct does not threaten or have any direct effect on the political integrity, economic security, or health and welfare of the Tribe or its members. The tax has not been authorized by Congress or the United States Supreme Court. Therefore, the tax is illegal and invalid. The action of the Defendants, without a preliminary injunction, will continue to irreparably and materially interfere with the business of Plaintiff Matheson to the extent that he may be forced out his business permanently. Such a result is irreparable if a preliminary injunction is not granted.

31. The imposition, liability for reporting, collection and remittance of the tribal fuel tax is a tortuous attempt to interfere with the Tribe's right to agree with Plaintiff on business matters, including taxation. The proposed action is an

unconstitutional taking and inverse condemnation of Plaintiff's business.

32.    The law itself proves that the federal anti-trust law is violated as Matheson's license requirement by a competitor alone is anti-competitive.

## B.  Second Claim - Refund of Tax.

33.    Plaintiffs reallege and incorporate all preceding paragraphs of the First Claim by this reference.

34.    The law enacted of the Defendants to furnish inventory and retailer data is a systematic violation of the federal Indian or interstate commerce clause and the tribal retailers, including Matheson's Fourth and Fifth Amendment rights guaranteed by the federal constitution.  It also violates the common law revenue rule prohibiting one government from enforcing tax laws of another jurisdiction. It also gives secret market data and trade secrets to the Tribe, a market competitor.

35.    The minimum price conspiracy that includes all Defendants fixes prices and discriminates in favor of other market participants, is the proximate cause of injury to the business of Matheson, as it will reduce or eliminate profit from fuel sales.  The injury caused by the Defendants is a direct and proximate cause of the Matheson's increased costs and reduced profit.  The actions of Defendant Coeur d'Alene Tribe amounts to price fixing, reduced sales and higher costs to Plaintiff Matheson and also Melissa Lawson.  The predicate acts by the Defendants allows the Defendant Tribe to gain an illegal commercial advantage

and affect sales by all Indian retailers in the market area.  Damages to be awarded Plaintiff Matheson from the acts of the Defendants will redress the injury since the illegal conspiracy is a claim that may be redressed by 18 U.S.C. § 1961 et seq; Plaintiff seeks that the proven damages be trebled.  All of the above allegations allow Plaintiff  Matheson and Melissa Lawson to a refund of all tribal fuel taxes paid.  Both Plaintiffs demand a refund of the Coeur d'Alene tribal taxes paid by them.

**C.     Third Claim - The Tribe Cannot Tax the Non-Indian Purchaser.**

36.    Plaintiffs reallege and incorporate all preceding paragraphs of the First and Second Claims by this reference.

37.    The majority of Plaintiff Matheson's customers are non-resident, non-members of the Coeur d'AleneTribe, including Melissa Lawson.  Therefore, a large proportion of the tax is invalid and must be repaid to Plaintiffs.  The amounts paid by Plaintiff Melissa Lawson in her purchase from Matheson must be refunded to her as she has no contractual or consensual relationship with the Tribe.  The tax is a pass on and collect tax.  Plaintiff Lawson also seeks a declaration that she can purchase fuel from Plaintiff Matheson free of tax upon proof of identity.  The amounts paid by Lawson and conveyed to the Tribe must be refunded by the Defendant Tribe as it illegally collected a tax that cannot be rebated.

### D.     Fourth Claim - Injunction and Declaratory Judgment

38.     Plaintiffs reallege and incorporate all preceding paragraphs of the First, Second, and Third Claims by this reference.

39.     Plaintiffs bring this cause of action to obtain a preliminary and, after trial, a permanent injunction prohibiting the Coeur d'Alene Tribe from entering into any agreement with the State of Idaho where two parties set the same lock step rates of fuel tax.

40.     Plaintiffs also seek an injunction prohibiting the Defendant Coeur d'Alene Tribe from refusing to issue a license to Matheson on the grounds that he did not pay tribal taxes or from closing his tribal business, seizing his fuel station or otherwise acting to enforce the tribal fuel tax.

41.     Plaintiffs also seek a declaration and permanent injunction against the Tribe declaring the tribal fuel tax void and prohibiting taxation imposed on Plaintiffs as the Tribe has abdicated its treaty rights and powers of government. Plaintiff Lawson in the alternative seeks a declaratory judgment allowing her to purchase motor fuel from Plaintiff Matheson upon proof that she is a non-Indian, non-resident of the Coeur d'Alene Indian Reservation.   She also requests a declaration that the Tribe has no jurisdiction to tax fuel purchases by non-Indian, non-reservation persons.

42.     The action of Defendant Coeur d'Alene Tribe in enacting fuel tax parity is in restraint of trade.  Plaintiff Matheson has no adequate remedy at law as the

proposed action will irreparably harm Plaintiff Matheson by driving away customers that will never return to his business. The Defendants have injured Plaintiffs' continued customer patronage. This loss is an opportunity than cannot be quickly regained and is irreparable.  Plaintiff Melissa Lawson cannot afford to bring successive refund suits for each purchase.  The Defendants have sufficient resources and unlimited funds. The continued litigation alone will force Matheson out of business.  Therefore, a declaration and injunction is requested against the fuel tax collection and forced dealing only with non-resident distributors who collect the tribal fuel tax must be issued.

43.     Plaintiffs also seek a declaratory judgment that the Defendant Tribe cannot make an agreement on fuel sales by Matheson without approval of the U.S. Congress.

**E.   Fifth Claim - Tortuous Interference with Litigation and Separation of Powers**

44.     Plaintiffs reallege and incorporate all proceeding paragraphs of the first, second, third and fourth claims of relief by this reference.

45.     Defendants Jess Arthur, Debbie McGee and Lynn Lowley, fully knowing that Plaintiff Matheson commenced a suit in the Coeur d'Alene Tribal Court on February 28, 2011, and requested a temporary restraining order, continued to harass and injure Plaintiff Matheson by ordering a Tax Commission hearing on March 18, 2011, to revoke his fuel license.  This is the identical relief Matheson requested from the court in Tribal Court action, Case No. CV-SC-2011-

2898. These Defendants have no authority to withhold licensing, a ministerial requirement, based only on a tax dispute when they have licensed Plaintiff Matheson in the past when he disputed the tax.  As a market competitor, they have no authority to require that the competitor must be licensed by a competitor.

46.     The actions of the Defendants violated the right of Plaintiff to the protection of court discovery procedures.  It also amounted to witness tampering as it prejudiced Matheson's ability to present his motion in Tribal Court and the orderly procedure of the case.

47.     None of the Defendants acted within the scope of their authority. Their actions were well beyond the outer limits to their authority, were retaliatory and interventional.   The acts were beyond any authority that the Tribe could bestow on them.

48.     The actions also violated the rules of separation of powers between the Tribal Court and executive administration.

49.     The actions violated the rules of fundamental fairness thereby giving federal court review.  *Bird v. Glacier Corp.*, 255 F.3d 805, 810 (9th Cir. 2010).

50.     Plaintiff Matheson had a valid right to proceed in court without outside interference. The Defendants had knowledge of the relationship, intentionally interfered with improper purpose and used improper means causing Plaintiff damages.  Plaintiffs, as a direct result of Defendants' conduct, has been damaged by the tortuous and illegal interference in the amount of increased costs,

loss of rights to contract and reduced profits in the amount that will be proven at trial of this matter.  Wherefore, Plaintiffs demand judgment on this fifth claim in the amount of damage caused by Defendants by interference with Plaintiffs' contracts in an amount of lost profits, increased costs and loss of present and future distributors' agreements and customer contracts as will be proven at trial of this matter.

## VII.

## PRAYERS FOR RELIEF

### A.    Relief Requested by Plaintiff Matheson.

WHEREFORE, Plaintiff Matheson prays for judgment, declaratory judgment and relief as follows:

A.    For refunds of tribal fuel taxes including the state sales tax addition, paid by Matheson from May 2009 to date of the judgment, be paid as a refund to him;

B.    In the alternative, that the tax collected by the Coeur d'Alene Tribe be deposited into an escrow from purchasers from him, to await the final order in this case;

C.    That the Court determine and declare by declaratory judgment that the fuel tax laws of the Tribe be declared void from their inception and unenforceable as applied to fuels transported, distributed, received or sold by Plaintiff Matheson's retail business located within the exterior boundaries of the Coeur

Complaint - 23

d'Alene Reservation; that Plaintiff Lawson can purchase fuel from Plaintiff Matheson without tribal tax added to the price on proof of identity;

D.     That the Court holds that the parity provision requiring the fuel taxes to be the same be held any ineffective against Plaintiff Matheson;

E.     That the Court temporarily, preliminarily and permanently enjoin the prospective application of the fuel tax laws preventing the Coeur d'Alene Tribe from enforcing any provision of the statutes or contracting in any way with the State of Idaho regarding a fuel tax or sales tax on any fuel to be received or sold by Indian-owned retail businesses within the exterior boundaries of the Coeur d'Alene Reservation;

F.     For orders of preliminary and permanent injunction, restraining and enjoining the Defendant Coeur d'Alene Tribe, its directors, council persons, employees and agents, and each of them, their agents, employees and all persons acting now or in the future in concert with them, from conveying any of Matheson's sale information to the State and relieving Matheson from licensing, inventory or other information, interfering in any way with Plaintiff Matheson's right to purchase fuels from any distributor and be totally free from any certification or interference including the right to transport, buy or sell any items at retail at Plaintiff Matheson's store, located on trust land on the Coeur d'AleneIndian Reservation, including the right to purchase or sell motor fuel free of reciprocal tax of tax parity;

Complaint - 24

G.     For an order declaring that Plaintiff Matheson be a party to all future negotiations, be notified of all proceedings and be allowed to take part in meetings in which the Tribe discusses fuel taxes;

H.     For a declaration that any agreement or contract that may be entered into by the Tribe and State of Idaho regarding fuel taxes is invalid when attempted to be imposed or any way to be applied to Plaintiff Matheson;

I.     For a temporary and permanent injunction enjoining the Tribe, the employees and agents and all persons acting in concert with the Coeur d'Alene Tribe, now or in the future, from conspiring to interfere with Plaintiff Matheson's right to sell any item of trade, including fuels, free of tax;

J.     For an order restraining the Tribe from monopolizing or balkanizing with the States of Idaho or Washington or others to protect fuel sales or affect Indian commerce in the State of Washington and Idaho;

K.     For a refund of all payments to the Tribe from Matheson's sales.  For a temporary and permanent injunction against imposition of any restraint on wholesale sellers and distributors to him; for a further order that Matheson cannot in any way be forced by the Defendant to pay additional costs of product by the Tribe.

L.     For damages against Defendant Coeur d'Alene Tribe and those acting in concert with Defendants for violation of the laws restraining trade and commerce by conspiring to give state facilities leased under percentage leases,

Complaint - 25

non-Indian convenience stores and others, an unfair and competitive advantage thereby destroying and subjecting Plaintiff Matheson's competitive right to unfair disadvantage to engage in Indian business.   For damages for negligence in implementing the tribal tax and torturous interference with Matheson's business; that the damages be trebled as allowed by the Sherman and Clayton antitrust acts;

M.     For an award of prejudgment interest on the amounts wrongfully collected by the Defendant Coeur d'AleneTribe;

N.     For attorney's fees and costs of this suit; and

O.     For such other relief in law and equity as this Court deems proper.

**B.     Relief Requested by Plaintiff Melissa Lawson.**

Plaintiff Melissa Lawson, individually, prays that the Court grant the following relief:

A.     That all the Coeur d'Alene tribal tax charged to Plaintiff Melissa Lawson at the point of purchase of fuels on the Coeur d'Alene Indian Reservation be refunded to her;

B.     For a declaratory judgment on all issues capable of declaratory judgment, including a right to purchase from Matheson without a tribal tax imposition on proof of identity;

C.     For Plaintiffs' reasonable costs and attorney fees in contesting the unlawful action of the Coeur d'AleneTribe;

D.    For prejudgment interest on said payments;

E.    For attorneys' fees and other costs of this suit; and

F.    For such other and further relief in law and equity as this Court may

deem proper.

DATED this 17th day of March, 2011.

s/ *Thomas Vasseur*
THOMAS VASSEUR
Attorney for Plaintiffs

s/ *Robert E. Kovacevich*
ROBERT E. KOVACEVICH
Attorney for Plaintiffs

Complaint - 27

## VERIFICATION

Plaintiff, Nick Matheson, certifies or declares under penalty of perjury that the foregoing

is true and correct, except for allegations on information and belief in which he believes are true

and correct.

DATED this 17th day of March, 2011.

_NICK MATHESON_

NICK MATHESON

STATE OF IDAHO            )
                          ) ss.
County of Kootenai        )

On this 17th day of March, 2011, before me, a Notary Public in and for the State of Idaho, personally appeared NICK MATHESON, known or identified to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal the day and year first set forth above.

_(Notary seal: KELLE R. POOLE, NOTARY PUBLIC, STATE OF IDAHO)_

Notary Public in and for the
State of Idaho.
Residing at: _Post Falls ID_
Comm. Expires: _12/17/15_

Complaint - 28